IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SEAN ANTHONY WOLF,                    )
                                      )
        Plaintiff,                    )
                                      )
   -vs-                               )    Civil Action No.  19-295
                                      )
                                      )
ANDREW M. SAUL,                       )
COMMISSIONER OF SOCIAL SECURITY,      )
                                      )
        Defendant.                    )

AMBROSE, Senior District Judge

## **OPINION**

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 7 and 9).  Both parties have filed Briefs in Support of their Motions. (ECF Nos. 8 and 10).  After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 7) and denying Defendant's Motion for Summary Judgment. (ECF No. 9).

**I.    BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his application for supplemental security income pursuant to the Social Security Act.  Administrative Law Judge ("ALJ"), Ronald J. Thomas, held a video hearing on October 16, 2018.  (ECF No. 5-3),  On December 3, 2018, the ALJ found Plaintiff was not disabled under the Act.  (ECF No. 5-2, pp. 13-24).

.    After exhausting all administrative remedies, Plaintiff filed the instant action with this court.  The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 7 and 9).  The issues are now ripe for review.

**II.     LEGAL ANALYSIS**

  **A.     Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity.  20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.     Step Two

Plaintiff's first argument is that the ALJ erred in finding several of his psychological impairments to be nonsevere.  (ECF No. 8, pp. 7-10).  At step two of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe.  20 C.F.R. §416.1420(a).  Importantly, the mere existence of a diagnosis or an abnormal reading does not equate to a severe impairment. *Phillips v. Barnhart,* 91 Fed. Appx. 775, 780 (3d Cir. March 10, 2004).  The question of severity relies not on the particular condition, but on the limitations stemming from that condition.  *Id.*  To be clear, an impairment is not severe if it does not significantly limit the physical or mental ability to do basic work activities and/or does not last or is not expected to last for a continuous period of at least 12 months.  20 C.F.R. §416.920(c), §416.921(a); §416.909, 42 U.S.C. §423(d).  If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §416.920(a).

In this case, the ALJ found that Plaintiff has the following severe impairment: generalized anxiety disorder.  (ECF No. 5-2, p. 16).  He also found the Plaintiff's Asperger's syndrome,

depressive, bipolar and related disorders, and neurodevelopmental disorders are nonsevere. *Id.* Typically, at step two, when an ALJ finds at least one impairment to be severe and continues on with the analysis, the failure to find an impairment severe is harmless because the Claimant is not denied benefits at step two. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 -5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012). Rather, the ALJ proceeded beyond step two. In so doing, an ALJ makes a residual functional capacity (RFC)[1] determination taking into consideration all impairments, including any impairment that is not severe. Thus, an ALJ will proceed to consider a plaintiff's severe and non-severe impairments in the evaluation process in determining a plaintiff's RFC. After a review of the record in this case, I cannot say that such is the case here.

The basis for finding the Plaintiff's Asperger's syndrome, depressive, bipolar and related disorders, and neurodevelopmental disorders to be nonsevere is set forth in one conclusory paragraph.

> Notably, in May 2017, David Newman, Ph.D., consultative examiner, examined the claimant and found that the claimant's primary symptoms of Asperger's were not observed. The claimant did not present a history that would be consistent with bipolar disorder and there was no observation of primary symptoms of attention deficit hyperactivity disorder (ADHD). (Exhibit 8F). The undersigned gives greater weight to this examining opinion rather than the opinion of the State agency consultant, as it is more recent and he had the benefit of examining the claimant.

(ECF No. 5-2, p. 16). These bases, however, are not borne out by the record.

First, Dr. Buyer, Plaintiff's psychologist, states that his diagnoses may include, *inter alia,* neurocognitive disorder. (ECF No. 5-20, p. 31). Additionally, the state agency consultant, Dr. Ondis, opined that Plaintiff's impairments included neurodevelopmental disorders. (ECF No. 5-

---

[1]RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

4, p. 6).   Dr. Newman's report, however, never mentions Plaintiff's neurodevelopmental disorder and, thus, cannot serve as the basis for rejecting the same or finding it nonsevere. *See,* ECF No. 5-17, pp. 6-12.  I recognize that the mere existence of a diagnosis or an abnormal reading does not equate to a severe impairment. *Phillips v. Barnhart,* 91 Fed. Appx. 775, 780 (3d Cir. March 10, 2004).  Nevertheless, the ALJ must state a valid basis for a finding.  Without the same, I am unable to conduct a meaningful review.

Second, the ALJ gave Dr. Newman's opinion greater weight than Dr. Ondis' opinion because it was "more recent."  (ECF No. 5-2, p. 16).  A review of the record reveals, however, that Dr. Newman's report was not more recent than the report of Dr. Ondis.  *Compare,* ECF No. 5-17, pp. 6-12 *with* No. 5-4, pp. 2-12.  Rather, Dr. Newman's report dated May 15, 2017 predates Dr. Ondis' report dated May 24, 2017.  *Id.*

Third, when reading the record as a whole, the ALJ partially rejected Dr. Ondis' report on the basis that his opinion "was given without benefit of medical evidence submitted at hearing level." (ECF No. 5-2, p. 22).  While Dr. Ondis may not have had all medical evidence presented at the time of the hearing, he did have a significant number of medical records, and yet it was Dr. Newman who clearly indicated that he reviewed no records in preparing his report. *Compare,* ECF No. 5-4, pp. 3-5 *with* No. 5-17, p. 6.  Given Plaintiff's history, these errors are troubling and suggest that the ALJ's basis for finding certain psychological impairments nonsevere is not borne out as stated by the ALJ.

To be clear, I am not saying that all of Plaintiff's psychological impairments are severe.  Severity is a decision that the ALJ must make in the first instance in accordance with the rules and regulations based on all of the evidence.  In other words, the bases for findings must be borne out in the record.

Moreover, while the ALJ found another impairment to be severe and did not deny Plaintiff benefits at step two, I cannot say these errors were harmless.  Despite acknowledgement that he must consider all evidence and all symptoms, both severe and non-

5

severe, in determining the RFC, the ALJ's discussion of Plaintiff's Asperger's syndrome, depressive, bipolar and related disorders, and neurodevelopmental disorders is scant. (ECF No. 5-2, pp. 15, 18-22). Thus, I find the ALJ unexplained inconsistency at step two may have infiltrated the remaining parts of the sequential analysis and cannot be considered harmless.

Based on all of the above, I am unable to conduct a meaningful review to determine if the ALJ's decision is based on substantial evidence. Consequently, I find that remand is warranted.

Plaintiff raises other arguments in her brief. *See,* ECF 8, pp. 10-20. Since I am remanding as set forth above, these issues will be reevaluated, *de novo*, as well. Therefore, I need not consider the details of those arguments it at this time.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN ANTHONY WOLF, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) )   Civil Action No. 19-295 ) |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 25th day of February, 2021, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 7) is granted and Defendant's Motion for Summary Judgment (ECF No. 9) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge